BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE IRONWORKERS UNION EMPLOYMENT      DOCKET NO. 257
PRACTICES LITIGATION

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of four actions filed in three federal districts: two in the Eastern District of Pennsylvania; one in the District of New Jersey; and one in the District of Delaware. One of the Eastern District of Pennsylvania actions (King) was commenced by seven black ironworkers, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of a class of all blacks living in the work jurisdiction of the Philadelphia area local of the International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers who have been, are, have sought to become, or will seek to become apprentices, journeymen or permit holders of that local. The remaining three actions were instituted by the Equal Employment Opportunity Commission (EEOC). The International Union is a defendant in all four actions. A different local of this union is a defendant in each action, except that the

---

*/Although Judge Wisdom was not present at the Panel hearing, he has, with the consent of all parties, participated in this decision.

two Eastern District of Pennsylvania actions name the same Philadelphia area local. The Ironworkers Joint Apprenticeship Committee is a defendant in all but the Delaware action. A different contractors' association is a defendant in each of the two Eastern District of Pennsylvania actions and in the New Jersey action. In the King action the business agent for the Philadelphia local is included as a defendant. In the complaints in the three EEOC actions, the EEOC states that every defendant other than the union local has been named pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure because they have an interest in the outcome of the action.

A detailed complaint in the King action charges that defendants individually and through a conspiracy have violated the Civil Rights Act of 1964 by engaging in many racially discriminatory employment practices and policies regarding apprenticeship training, union membership, hiring, career advancement, job referrals and disciplinary proceedings. Plaintiffs in the King action also allege that defendants have violated their duty of fair representation under the Labor Management Relations Act of 1947, and that defendants are guilty of discrimination with respect to a job site for the construction of the Salem Nuclear Power Generating Plant in Salem, New Jersey.

In each of the EEOC actions, in a manner much less specific than in King, the EEOC claims that the particular

local named as a defendant violated the Civil Rights Act of 1969 by maintaining apprenticeship and job referral policies and practices which operate to exclude blacks from job opportunities, including those at the Salem job site. In the Delaware and New Jersey actions the EEOC also alleges that the defendant local engaged in discriminatory membership policies and practices. Included in the relief sought in all three EEOC actions is a prayer for a permanent injunction against the defendant local and all persons acting in concert with it.

Plaintiff EEOC moves the Panel for an order transferring the actions pending in the Districts of Delaware and New Jersey to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the two actions pending there. The locals in the Delaware and New Jersey actions, the Joint Apprenticeship Committee and the three contractors' associations oppose the transfer of these actions.

We find that these actions involve common questions of fact and that their transfer to the Eastern District of Pennsylvania under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Although the defendant locals opposing transfer conceded during oral argument before the Panel that the actions involve some common issues, the defendants opposing transfer, generally, argue that transfer is inappropriate because these

actions share few or no common factual questions. They maintain that each action focuses upon a particular local's unique membership, apprentice and job referral policies and practices. Defendants stress that each of the locals, which are the primary defendants in this litigation, is a defendant in only one jurisdiction and that this factor demonstrates the differences among the actions. As an alternative to transfer, defendants assert that voluntary cooperation in discovery among the parties is sufficient for efficient pretrial of those few, if any, common factual issues.

The EEOC, on the other hand, contends that transfer is necessary to avoid duplication of discovery concerning substantial common questions of fact among these actions. In support of this contention the EEOC points out that this litigation arose from grievances filed by sixteen individuals, eight of whom charged each of the three locals with discrimination in connection with the Salem job site, <u>inter</u> <u>alia</u>, and also charged that a particular contractor acted in concert with the three locals. As a result, the EEOC maintains that it conducted a joint investigation of ironworker employment practices in the Delaware Valley and that this investigation revealed a common conspiracy among defendants to discriminate against blacks.[1/] In detail the EEOC states that defendants, acting together, committed certain illegal employment

---

1/ A lengthy exhibit entitled "Field Director's Findings of Fact" is among the papers submitted to the Panel by the EEOC in support of its contention.

practices, including the use of subjective criteria in screening applicants for apprenticeship programs and union membership, nepotism, the use of educational and testing requirements unrelated to the jobs, and the giving of false information to blacks who sought equal employment opportunities. In addition, the EEOC asserts that transfer will eliminate the need for three courts to consider the same discovery motions, such as those concerning the EEOC's claim of privilege in regard to its settlement endeavors.

After carefully examining the entire record before us, we are persuaded by the EEOC's arguments that these actions share common questions of fact and that transfer is justified. Our study of the four complaints and the "Field Director's Findings of Fact" reveals that the three locals allegedly engage in many of the same or similar employment practices, and that the EEOC as well as the King plaintiffs are challenging those practices, particularly regarding the Salem job site. Thus transfer is necessary to prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings, including those related to the EEOC's claim of privilege. Any discovery concerning issues not common to the actions can be scheduled by the transferee court to proceed concurrently with the common discovery, so that

the litigation will proceed expeditiously in all areas. See <u>In re Republic National-Realty Equities Securities Litigation</u>, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

While we commend defendants' desire voluntarily to coordinate discovery on common issues, we note that the EEOC asserts that defendants to date have acted to the contrary. There is no evidence that voluntary coordination would be effective. In any event, placing all these actions under the control of a single judge will ensure that repetition will be avoided.

The Eastern District of Pennsylvania is the most appropriate transferee forum for this litigation. Two of the four actions are already pending there. And we are advised that the EEOC's records of its joint investigation concerning this matter are located in Philadelphia at the EEOC's regional office.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions in the Districts of New Jersey and Delaware listed on the following Schedule A be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable John B. Hannum for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

Docket No. 257 -- In re Ironworkers Union Employment Practices Litigation

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David King, et al. v. The International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, et al. | Civil Action No. 75-3542 |
| Equal Employment Opportunity Commission v. Local 405, International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, et al. | Civil Action No. 76-810 |

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Equal Employment Opportunity Commission v. Local 399, International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, et al. | Civil Action No. 76-0551 |

### DISTRICT OF DELAWARE

| | |
|---|---|
| Equal Employment Opportunity Commission v. Local 451, International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, et al. | Civil Action No. 76-119 |